UNITED STATES of America,
Plaintiff-Appellee,

v.

Burrelle Wayne HUME, Defendant-
Appellant.

No. 71–1875

Summary Calendar.\*

United States Court of Appeals,
Fifth Circuit.

Dec. 27, 1971.

Certiorari Denied April 17, 1972.
See 92 S.Ct. 1518.

John B. Luscombe, Jr., El Paso, Tex.
(court appointed), for defendant-appel-
lant.

Seagal V. Wheatley, U. S. Atty., Ralph
E. Harris, El Paso, Tex., for plaintiff-
appellee.

Before THORNBERRY, MORGAN
and CLARK, Circuit Judges.

PER CURIAM:

Appellant Hume was convicted by the
district court sitting without a jury of
violating Title 18 U.S.C., Sec. 32. Hume
asserts error in that (1) there is a total
lack of jurisdiction; (2) there is insuf-
ficient evidence that the aircraft was
damaged; and (3) that there was not
sufficient evidence that he acted wilful-
ly.

The evidence presented at the trial
was not in dispute. One Castleberry
owned and operated an aircraft used for
dusting. On the morning of July 26,
1970, Castleberry took off in his aircraft
and dusted three fields near Gadsden
High School in New Mexico. After
dusting the fields, he returned to his
residence in nearby Texas, refueled his
poison tanks, and was spraying in Texas
very near to appellant Hume's residence
when Hume came out of his residence
and shot the aircraft with his .22 caliber
rifle on two different runs that the
dusting aircraft was making. Hume's
shots made a small hole in the aircraft
wing and also hit the fuel pump bracket.

Appellant contends that these facts
failed to establish that the plane was
being used, operated, or employed in in-
terstate commerce at the time of the
shooting, and that it was not damaged
as a result of the shooting. Title 18, U.
S.C., Sec. 32, provides that:

"Whoever willfully sets fire to,
damages, destroys, disables, or wrecks

\* ■ Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

any civil aircraft used, operated, or employed in interstate, overseas, or foreign air commerce . . . ”

shall be punished according to law. The indictment in this case alleges that the defendant wilfully damaged and disabled a civil aircraft being used, operated, and employed in interstate commerce. Title 49 U.S.C., Sec. 1301, defines “air commerce” as meaning

“. . . interstate . . . air commerce or the transportation of mail by aircraft or any operation or navigation of aircraft within the limits of any Federal airway or any operation or navigation of aircraft which directly affects, or which may endanger safety in, interstate, overseas, or foreign air commerce.”

The term “interstate air commerce” is defined as meaning inter alia

“. . . the operation or navigation of aircraft in the conduct or furtherance of a business or vocation, in commerce between, respectively—

“(a) a place in any State of the United States, or the District of Columbia, and a place in any other State of the United States, or the District of Columbia; or between places in the same State of the United States through the airspace over any place outside thereof . . . ”

The wording of the statute makes it clear that Congress intended not only to protect civil aircraft while actually operating in interstate commerce, but also to protect such aircraft as is used or employed in interstate commerce, and also the parts, materials and facilities used by such aircraft.

This interpretation gives to the words as used in the Statute their fair meaning and is in accord with the obvious intent of Congress. The purpose of the bill as stated in the House Committee report is

“[To] provide suitable punishment, first, for the willful damaging or destruction of air-carrier aircraft *used* in interstate, overseas, or foreign air

commerce . . . .” (Emphasis supplied).

U. S. Congressional and Administrative News, 84th Congress, 2d Session, page 3145.

■ We conclude that the district court was not without jurisdiction.

There is no merit in Hume’s other assertions of error as the photographs introduced in evidence clearly show that the aircraft sustained damage from the .22 caliber rifle, and the appellant freely admitted in his testimony at the trial that his intentions were to hit the plane but not the pilot.

There being substantial evidence to support the findings of the district court, the judgment is affirmed.

Affirmed.